Themistocles **BOUAS**, Plaintiff,

v.

**SOCIEDAD MARITIMA SAN NICHO-
LAS, S.A. and P. D. Marchessini
& Co., Inc., Defendants.**

Themistocles **BOUAS**, Plaintiff,

v.

**Panaghi D. MARCHESSINI, Demetri P.
Marchessini and Alexander P.
Marchessini, Defendants.**

United States District Court
S. D. New York.
April 23, 1965.
On Motion for Reargument
July 7, 1965.

Lebovici & Safir, New York City, Isaac Salem, New York City, of counsel, for plaintiff.

Poles, Tublin & Patestides, New York City, John G. Poles, New York City, of counsel, for defendants.

BONSAL, District Judge.

This action was instituted by the filing of a complaint on November 23, 1960. The defendants answered on January 9, 1961, and thereafter commenced a history of pre-trial litigation out of all proportion to the nature of the claim, and which appears, at least in part, to have been designed to delay and burden the plaintiff. Some of the history is told in Judge Sugarman's opinion of March 7, 1963. On February 20, 1963 a second action was instituted against the defendants as individuals, and the two actions were consolidated on April 6, 1964. The consolidated action is now on the calendar and is due to be reached for trial in the near future.

Having obtained leave from the Part I Judge, the defendants have now moved for summary judgment or, in the alternative, for an order granting them leave to amend their answer to allege *res judicata* and accord and satisfaction as affirmative defenses. Defendants' motions are

based on "newly discovered evidence", which is that on April 18, 1961 a hearing was held before a Greek magistrate, at which the plaintiff appeared without an attorney, agreed to settle his claim against the defendants for 19,035 drachmas ($635.40), which was paid to him, and released the defendants.

■ The report of the April 18, 1961 proceeding before the Greek magistrate shows that plaintiff was not represented by counsel and that the amount of the settlement was ridiculously low. There is little, if any, doubt that plaintiff was unaware of what he was doing. Accordingly, the so-called Greek settlement was not an accord and satisfaction; Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942); nor is the Court bound by it as *res judicata*. Perdikouris v. Liberian S.S. Olympos, 185 F.Supp. 140 (E.D.Va., 1960).

■ It appears that present counsel for the defendants were substituted in early 1962 and actively participated in many of the pre-trial proceedings above referred to without mentioning to plaintiff's attorneys the so-called Greek settlement. Although defendants' counsel have informed the Court that they did not learn of the Greek proceeding until October 1964, their clients must have known about it, and in the Court's view defendants' attorneys are chargeable with the knowledge of their clients for the purposes of this motion. The defendants, having burdened the plaintiff with pre-trial procedures over the years after the alleged settlement was made without informing plaintiff's attorneys about it, should not now be allowed to deny the plaintiff his day in court.[1] Indeed, the history of the litigation shows conclusively that the defendants have been guilty of laches and that their motions are without merit.

Defendants' motions for summary judgment and for leave to amend their answers are both denied.

It is so ordered.

## On Defendants' Motion for Reargument.

By Memorandum filed on April 23, 1965, defendants' motion for summary judgment on the grounds of *res judicata* and accord and satisfaction, or, in the alternative, for leave to amend their answer to plead these defenses, was denied.

On May 25, 1965, defendants moved for reargument and for an order certifying the Court's decision on their original motion for appeal pursuant to 28 U.S.C. § 1292(b).

It is noted that defendants' notice of motion for reargument filed May 10, 1965 was not filed within the 10-day period prescribed by Rule 9(m) of the General Rules of this Court. However, the Court has considered the points raised by the defendants, and adheres to its previous decision.

■ It is true that Rule 15(a) of the Federal Rules of Civil Procedure is construed liberally when justice requires. However, for the reasons stated in the Court's original decision and the absence of "newly discovered evidence", the Court does not believe that the interests of justice would be served by allowing the amendments sought by the defendants.

The complaint was filed on November 23, 1960, and the defendants filed their answer on January 9, 1961, so that the matter then became *sub judice* in this Court. Thereafter, on April 18, 1961, defendants went before a Greek magistrate without disclosing the pendency of the action in this Court. Defendants (1) having failed to inform the Greek court of the action here, and (2) having failed to raise the matter of the so-called Greek settlement for almost four years, during which they engaged in lengthy pre-trial proceedings with the plaintiff's attorneys, are not now in a position to raise a question of comity between two courts neither of which was informed as to what was happening in the other.

[1]. In the event plaintiff recovers a judgment against the defendants, the amount thereof should be reduced by the amount of the payment made to the plaintiff before the Greek magistrate in 1961.

Defendants' memorandum raises the question of the proper exercise of jurisdiction by this Court because of lack of contacts of the action with the United States. This was not raised in their original motion. Had the issue of the exercise of jurisdiction over plaintiff's personal injury claim been raised early in the litigation, it would not have been an abuse of discretion to dismiss it for lack of contacts with the United States. However, defendants' failure to raise the issue seasonably and waiting instead until plaintiff and his attorneys had expended both time and money in protracted pre-trial proceedings leads the Court to the conclusion that even if the issue had been properly raised now, it would not have been an abuse of discretion to retain jurisdiction. Conte v. Flota Mercante Del Estado, 277 F.2d 664 (2d Cir. 1960).

Since the defendants have been guilty of laches, there would appear no useful purpose served in permitting further delay by a certification pursuant to 28 U.S.C. § 1292(b).

Defendants' motions to reargue and for certification pursuant to 28 U.S.C. § 1292(b) are both denied.

It is so ordered.