## HOME LIFE INSURANCE COMPANY, Plaintiff,

v.

## Herbert KAUFMAN, Defendant.

### No. 81 Civ. 4897 (JES).

United States District Court, S. D. New York.

Sept. 29, 1982.

Russ M. Herman, Herman & Herman, New Orleans, La., for plaintiff; Jules Z. Halpern, New York City, of counsel.

Robert Feldman, New York City, for defendant; Steven Troup, New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff, Home Life Insurance Company ("Home Life"), a New York Corporation, brings this action against defendant, Herbert Kaufman, a New Jersey resident and a former employee of Home Life, seeking declaratory relief with respect to an employ-

ment contract and a Non-Qualified Deferred Compensation Agreement ("Compensation Agreement") between the parties. Defendant contends that the issues raised by plaintiff's action are subject to an arbitration clause contained in the Compensation Agreement, and that the action must be stayed pending arbitration of the issues.

Plaintiff objects to arbitration on two grounds: first, the arbitration clause in the Compensation Agreement is not applicable to the dispute in this action and secondly, that even assuming arguendo that the arbitration clause is applicable, defendant's rights thereunder have been waived by participating in discovery in this action.

Defendant was employed by Home Life as a Field Underwriter in New Jersey from July 15, 1971, at which time an employment contract was signed, until he was terminated by Home Life June 29, 1981. On February 1, 1977, defendant entered into the Compensation Agreement with Home Life. pursuant to which 10% of the monthly payments which would otherwise be payable to defendant under the employment contract were retained by Home Life in a Deferred Compensation Fund ("Fund"), defendant's share of which constitutes his Deferred Account. At present Home Life is holding $77,382.98 in defendant's Deferred Account

pending the resolution of this action. Plaintiff contends that these sums may properly be retained pursuant to the employment contract as an offset for sums which defendant allegedly owes plaintiff as a consequence of defendant's alleged breaches of that contract.

■ The sole issue raised by defendant's motion to compel arbitration [1] is whether plaintiff's right to retain the sums in the Deferred Account must be arbitrated.[2] Defendant contends that since he has met the requirements of the Compensation Agreement he is clearly entitled to payment of his Deferred Account, and that plaintiff's failure to pay the sums mandated by that Agreement is of necessity a dispute arising out of that agreement which must be arbitrated. The Court agrees.

The Compensation Agreement specifically provides that if after attaining age 55, the defendant ceases to be an employee of plaintiff, the amount of money in the Deferred Account shall be payable in one sum.[3] It is undisputed that defendant is over 55 years of age and is no longer employed by Home Life. Thus, according to the specific terms of the Distribution at Severance clause of the Compensation Agreement, defendant is entitled to his Deferred Account. It seems clear therefore

---

**1.** It seems clear that the United States Arbitration Act applies in this case. The United States Arbitration Act is applicable if the Court has subject matter jurisdiction and if the arbitration clause is contained in a contract evidencing a transaction involving interstate or foreign commerce. 9 U.S.C. § 2 (1976); *Varley v. Tarrytown Assocs. Inc.,* 477 F.2d 208, 209 (2d Cir. 1973); *Metro Industrial Painting Corp. v. Terminal Constr. Co.,* 287 F.2d 382, 384 (2d Cir.), *cert. denied,* 368 U.S. 817, 82 S.Ct. 31, 7 L.Ed.2d 24 (1961). Diversity of citizenship jurisdiction is alleged in the complaint, and the contract which contains the arbitration clause, *i.e.,* the Compensation Agreement, clearly evidences and arises out of interstate commercial transactions. The Compensation Agreement creates a Fund that consists of moneys earned by defendant in New Jersey and retained by Home Life, a New York corporation. Moreover, the defendant is to be credited with interest on moneys in the fund, a circumstance clearly evidencing investment of those funds. It is highly probable that such investments also

involve and relate to interstate commercial transactions.

**2.** The arbitration clause of the Compensation Agreement provides:

It is also understood that should any controversy arise with regard to the arrangement spelled out here, it shall be settled by arbitration in accordance with the Rules of the American Arbitration Association and that judgment upon the award rendered by arbitration may be entered in any court having jurisdiction thereof.

**3.** *Distribution at Severance of Employment.* If severance of employment with the Company occurs at or after my attained age 55, the Deferred Account shall be payable to me in one sum. If such severance occurs prior to my attained age 55, this Agreement shall immediately terminate, but the Deferred Account shall be retained as a liability by the Company until I shall attain age 55, at which time the Deferred Account shall be payable to me, if living, in one sum.

that the propriety of plaintiff's retention of defendant's Deferred Account is a "controversy aris[ing] with regard to the arrangement" contained in the Compensation Agreement, and is an issue that must be arbitrated.

Plaintiff argues that since the sums payable to defendant under the Compensation Agreement are sums payable under his employment contract, which has no arbitration clause, the amount of the sums so payable cannot be subject to the arbitration clause of the Compensation Agreement. However, the Deferred Account is computed on the basis of the amount payable to defendant under his employment contract and those payments are thus clearly an integral part of the deferred compensation arrangement. It follows that any dispute with respect to the amount of monthly payments relates to the arrangement contained in the Compensation Agreement and is encompassed by the arbitration clause.[4]

■ Plaintiff's further contention that defendant's rights under the arbitration clause have been waived because defendant has participated in discovery in this action lacks merit. The five month period between the time the complaint and the motion to compel arbitration were filed is not sufficient to establish a waiver under the circumstances of this case, especially since defendant's answer specifically raised arbitration as an affirmative defense. *See Weight Watchers of Quebec Ltd. v. Weight Watchers Int'l. Inc.,* 398 F.Supp. 1057, 1059 (E.D.N.Y.1975). Home Life, if it so chose, could have sought to preclude all discovery in view of the arbitration defense asserted, but failed to do so. Instead it made a

conscious choice to seek the benefits of discovery on its own behalf. Moreover, this is clearly not a case in which no attempt to seek arbitration was made until the eve of trial or after the trial had commenced. *See e.g., Reid Burton Constr., Inc. v. Carpenters Dist. Council of S. Colo.,* 614 F.2d 698 (10th Cir. 1980); *Demsey & Assocs. v. S.S. Sea Star,* 461 F.2d 1009 (2d Cir. 1972); *Liggett & Myers Inc. v. Bloomfield,* 380 F.Supp. 1044, 1047–48 (S.D.N.Y.1974).

■ Home Life has also requested declaratory relief with respect to the employment contract between the parties, defendant's alleged violation of New York Insurance Law and alleged misrepresentations in the presentation and sale of life insurance policies, which are non-arbitrable claims. Where there are arbitrable as well as non-arbitrable claims in a complaint, a stay of the litigation pending arbitration is appropriate where "the party seeking the stay can demonstrate that he will not hinder the arbitration, that the arbitration will be concluded within a reasonable time; and that the delay will not work an undue hardship on the party opposing the stay." *Janmort Leasing, Inc. v. Econo-Car Int'l., Inc.,* 475 F.Supp. 1282, 1293 (E.D.N.Y.1979), citing *Societe Nationale v. General Tire & Rubber Co.,* 430 F.Supp. 1332, 1334 (S.D.N.Y.1977) and *Nederlandse Erts-Tankersmaatschappij v. Isbrandtsen Co.,* 339 F.2d 440, 442 (2d Cir. 1964).

Defendant's vigorous pursuit of its motion to compel arbitration indicates that the defendant will make every effort necessary to reach a speedy disposition of this dispute. With respect to undue hardship to Home

---

**4.** It should be noted that to construe the Compensation Agreement so as to permit plaintiff to avoid its agreement to arbitrate issues as to the amount of the money payable under the Compensation Agreement would render illusory the procedural and substantive benefits for which defendant bargained. The Compensation Agreement clearly contemplates that upon meeting the eligibility requirements of the Compensation Agreement, defendant *shall be paid* and any disputes as to defendant's right to be paid shall be resolved by arbitration. Plaintiff's assertion of offsets arising out of plaintiff's employment performance is at best a de-

nial of defendant's right to receive those sums, an issue which plaintiff clearly agreed to arbitrate *after* it had entered into the employment contract. To the extent that the defendant had the right to litigate that issue under the employment contract, plaintiff yielded that right when it entered into the Compensation Agreement. And even assuming arguendo that there is some ambiguity as to the construction to be afforded to the Compensation Agreement and the arbitration clause contained therein, those ambiguities must be resolved against plaintiff, who drafted the Compensation Agreement.

Life due to unreasonable delay, Home Life may seek leave of the Court to vacate the stay if arbitration is not completed in six months. *See Societe Nationale,* 430 F.Supp. at 1335.

In addition, the interests of judicial economy and the parties will best be served by staying these proceedings until arbitration is completed. Arbitration may well clarify and perhaps even simplify the remaining issues which must be litigated. *See Janmort Leasing, Inc.,* 475 F.Supp. at 1293.

Defendant's motion to stay the present proceedings and to compel arbitration is granted upon a proper filing of a demand for arbitration within ten days of the date of this Opinion and Order. Upon the filing of a demand for arbitration this case shall be transferred to the Suspense Docket of this Court with leave to either party to apply on five (5) days' notice for its restoration to the trial calendar of this Court.

SO ORDERED.