**Roy BABITT, Plaintiff,**

v.

**Ronald FRUM, Defendant.**

**84 Civ. 3120 (DNE).**

United States District Court, S.D. New York.

April 22, 1985.

Booth, Marcus & Pierce, New York City, Philip Pierce & Robin S. Weinstein, New York City, of counsel, for plaintiff.

Bloom & Eilen, New York City, Howard S. Eilen, New York City, of counsel, for defendant.

## OPINION AND ORDER

EDELSTEIN, District Judge.

This civil action was commenced in Supreme Court of the State of New York to recover damages for breach of certain contracts between the defendant, Ronald Frum ("Frum"), and Elms Capital Management, Inc. ("ECM") and Elms Government Securities ("EGS"). The plaintiff, Roy Babitt, is the assignee for the benefit of creditors of ECM and EGS. Plaintiff seeks to recover $83,089.23 plus interest for losses allegedly sustained in Frum's accounts with plaintiff's assignors.

Defendant moved this court to dismiss the complaint pursuant to Rule 12(d) of the Federal Rules of Civil Procedure on the ground that this court lacks personal jurisdiction over the defendant. The defendant's motion is hereby granted.

## DISCUSSION

Defendant moves to dismiss based on a lack of personal jurisdiction. Defendant asserts that his sole residence and domicile is in California, that he did not "maintain a residence, office or telephone listing in the State of New York," and that he did not designate an agent to receive service of process in New York. Defendant's Memorandum of Law at 3. Further, defendant contends that all negotiations preceding the execution of the contracts occurred in California, that he never visited the offices of plaintiff's assignors in New York and did not make any telephone calls to New York in connection with his accounts. Plaintiff does not dispute these facts.

Plaintiff bases jurisdiction on two grounds: first, that defendant has waived the defense of lack of personal jurisdiction; and second, that defendant has consented to jurisdiction in this district by consenting to arbitrate disputes under the contracts in New York. Both of these arguments are rejected.

### A. Defendant's Waiver of Defense.

Plaintiff asserts that "Defendant's conduct in this action, thus far, has clearly been so dilatory and inconsistent with such an assertion, as to constitute a waiver of [the] defense" of lack of personal jurisdiction. Plaintiff's Memorandum in Opposition at 7. Plaintiff points to a number of actions that the defendant has taken with regard to this suit, for example, serving an answer, filing a petition for removal, participating in discovery, and attending at least two pre-trial conferences before this court. While it is true that actions by a defendant may constitute a waiver of the defense, *e.g. Bouas v. Sociedad Maritima San Nicholas, S.A.*, 252 F.Supp. 286 (S.D.N.Y.1965), under the circumstances of this case, defendant's acts are not sufficient to constitute a waiver of the defense which was asserted in the answer.

The length of time between the removal of this case to federal court and the motion can be attributed to a number of factors, none of which can be considered dilatory. First, the court scheduled the first pre-trial conference on July 30, 1984 at which a discovery deadline was set. This court has a general policy of requiring a defendant to serve an answer and of commencing discovery even when a motion to dismiss is contemplated because discovery will often aid in framing the motion. Thus, these actions certainly cannot be found to constitute a waiver because the defendant was following the court's instructions. Second, the parties were attempting to settle this action and sought the court's assistance in this regard at a conference on February 28, 1985. The court will not penalize a party by stripping them of a defense because of delay brought about by settlement discussions. Finally, this motion was discussed at a pre-trial conference on November 20, 1984, at which time the court established a schedule to file the motion. Thus, this conference and the events since the conference cannot be construed as a waiver of the defense. The court finds that defendant's

actions do not constitute a waiver of the defense.

## B. Consent to Arbitration.

Defendant and plaintiff's assignors entered into agreements which contained arbitration clauses.[1] Plaintiff asserts that the consent to arbitrate disputes in New York establishes personal jurisdiction over the defendant in New York. As a general proposition this is true. *Merrill Lynch, Pierce, Fenner & Smith v. Lecopulcos,* 553 F.2d 842 (2d Cir.1977). Thus, "it is clear that if [the defendant] did agree to arbitrate this dispute in New York, and if [the plaintiff] did not waive its right to demand arbitration," this court would have jurisdiction over the person of the defendant. *Intermeat, Inc. v. American Poultry, Inc.,* 575 F.2d 1017, 1023 (2d Cir.1978); *see Philipp Bros. Div. of Engelhard Minerals & Chemicals Corp. v. El Salto, S.A.,* 487 F.Supp. 91, 93 n. 2 (S.D.N.Y.1980). Because the defendant has undeniably entered into such an arbitration agreement, the question is whether the plaintiff has waived his right to arbitrate under the contract. If plaintiff has waived this right, the court's jurisdiction conferred by the arbitration clause will no longer exist.

■■■ The actions of a party may result in a waiver of the right to arbitrate. A party may be found to have waived the right to arbitrate when he actively participates in litigation or otherwise acts inconsistently with its right to arbitrate. *Lubri-*

*zol Int'l, S.A. v. M/V Stolt Argobay,* 562 F.Supp. 565, 573 (S.D.N.Y.1982). The filing of an action is not a waiver of the right to arbitrate, at least not before the defendant has answered on the merits. *Lecopulos, supra,* 553 F.2d at 845; *Chatham Shipping Co. v. Fertex Steamship Corp.,* 352 F.2d 291, 293 (2d Cir.1965). Defendant, however, has answered on the merits so that the pendency of this action may constitute a waiver.[2]

■■ The nature of this lawsuit also points to a waiver by the plaintiff. This suit was commenced to resolve the dispute on the merits, which is inconsistent with an intention to arbitrate. This type of proceeding is distinguished from other actions that are not inconsistent with an intention to arbitrate and therefore would not constitute a waiver. *See, e.g., Weight Watchers of Quebec Ltd. v. Weight Watchers Int'l, Inc.,* 398 F.Supp. 1057 (E.D.N.Y.1975) (action to compel arbitration); *The Anoconda v. American Sugar Co.,* 322 U.S. 42, 44–45, 64 S.Ct. 863, 865, 88 L.Ed. 1117 (1944) (use of attachment procedure which was procedural device not available at arbitration); *Philipp Bros., supra,* 487 F.Supp. at 93 (same). Plaintiff has sought a judicial resolution of this dispute and has done nothing to indicate a desire to go to arbitration.[3] The plaintiff may be considered to have waived the right to proceed to arbitration.

As a result of this waiver, the court does not have personal jurisdiction over the defendant and this action must be dismissed.

---

1. The ECM agreement states:
   > Any matter in question arising out of this Agreement shall be determined by arbitration in accordance with the rules of the American Arbitration Association in New York City.
   >
   > .    .    .    .    .
   >
   > This Agreement has been duly authorized by the Client and is made and shall be a contract construed in accordance with the laws of the State of New York.

   The EGS agreement states:
   > Any controversy between you and the undersigned arising out of or relating to this contract or the breach thereof, shall be settled by arbitration, in accordance with the rules, then obtaining, of the American Arbitration Association in New York.
   >
   > .    .    .    .    .

   > This agreement and its enforcement shall be governed by the laws of the State of New York.

2. Filing of an answer precludes the plaintiff from dismissing the suit without the consent of the party or a court order. Fed.R.Civ.P. 41(a).

3. Plaintiff has demonstrated that he has no intention to arbitrate his claim or any other claims relating to the contract. Plaintiff responded to defendant's counterclaim and has not raised arbitration as an affirmative defense. *Compare Home Life Insurance Co. v. Kaufman,* 547 F.Supp. 833, 835 (S.D.N.Y.1982) (including arbitration as affirmative defense considered in finding of no waiver).

## CONCLUSION

Defendant's motion to dismiss for lack of personal jurisdiction is granted.

SO ORDERED.