Taurus Textiles, Inc. v. John M. Fulmer Co.

TAURUS TEXTILES, INC., PLAINTIFF v. JOHN M. FULMER CO., INC., DEFENDANT

No. 8822SC316

(Filed 18 October 1988)

**1. Process § 14.3— California corporation—subject to personal jurisdiction**

Defendant California corporation was subject to personal jurisdiction in North Carolina under N.C.G.S. § 1-75.4(5)(b) where plaintiff performed services for defendant within this state by manufacturing certain textiles and the record indicates that defendant was well aware that the textiles were to be manufactured by plaintiff in North Carolina.

**2. Process § 14.4— California corporation—insufficient minimum contacts**

Defendant California corporation had insufficient minimum contacts to satisfy due process requirements where defendant contracted in California for the sale of textiles which were to be manufactured in North Carolina, shipped to South Carolina for finishing, and then shipped to defendant in California; defendant did not expressly submit to personal jurisdiction under the contracts or invoices; the arbitration term in the contracts and invoices provided that defendant was subject to personal jurisdiction in Buncombe County for the purpose of arbitration, but plaintiff chose to bring suit in Iredell County rather than arbitrating the dispute; there were no copies of the purchase orders in the record; the chargeback invoices were not a basis for personal jurisdiction, especially since there was evidence that the invoices were copies given to factors for deductions made outside North Carolina; and letters and telephone calls concerning the dispute between the parties are not grounds for jurisdiction.

APPEAL by plaintiff from *Helms (William H.), Judge.* Order entered 9 December 1987 in Superior Court, IREDELL County. Heard in the Court of Appeals 13 September 1988.

Plaintiff Taurus Textiles, Inc. instituted this action against defendant John M. Fulmer Co., Inc. to recover improper "chargebacks" from sales of textiles taken against plaintiff by defendant in the amount of $62,514.26. Defendant moved to dismiss the action for lack of personal jurisdiction, and the trial court granted defendant's motion.

Evidence in the record tends to show the following facts. Plaintiff is a North Carolina corporation engaged in manufacturing textiles. Defendant is a California corporation with its only office located in Los Angeles, California. John M. Fulmer, the president of defendant, submitted an affidavit stating that: 1) defendant has never done business in North Carolina; 2) defendant

has never purchased, sold or delivered goods in North Carolina, nor advertised or solicited business in North Carolina; 3) defendant has not entered into any contracts in North Carolina; 4) no officers, employees or agents of defendant have ever worked or been in North Carolina on business; and 5) defendant has never purchased any goods directly from plaintiff in North Carolina or anywhere else and that the purchase of any goods manufactured by plaintiff was conducted through local sales representatives of Blue Ridge Fabrics, Inc. in California.

Jerry Carr, the president and chief executive officer of plaintiff, submitted an affidavit in which he stated: 1) Blue Ridge Fabrics, Inc. was plaintiff's sales agent and received commissions; 2) that he went to California in the summer of 1985 to discuss "a continuing arrangement pursuant to which defendant promised to order and purchase certain textiles from plaintiff, manufactured to defendant's specifications"; 3) plaintiff manufactured and shipped textiles to defendant; 4) defendant directed numerous purchase orders to Blue Ridge Fabrics in Asheville, North Carolina; 5) defendant placed a number of telephone calls to plaintiff and Blue Ridge Fabrics in Statesville, North Carolina "to discuss the ongoing business relationship"; 6) defendant wrote letters "arising from the business relationship between plaintiff and defendant" to plaintiff and Blue Ridge Fabrics; 7) "[b]y signing some contracts, and failing to object to the terms of others, defendant submitted to jurisdiction in North Carolina"; 8) defendant directed its chargeback invoices to both plaintiff and Blue Ridge Fabrics in Statesville, North Carolina; and 9) "[m]any of defendant's orders were mailed directly by defendant to Blue Ridge Fabrics in North Carolina, rather than through a sales agent in California."

Sharon Burchette, the president of Blue Ridge Fabrics, submitted an affidavit in which she stated that: 1) in 1985, Blue Ridge Fabrics and plaintiff became closely associated; 2) she accompanied Jerry Carr to California "for the purpose of discussing a business arrangement pursuant to which Blue Ridge would act as sales agent for Taurus, which would manufacture textiles to defendant's specifications"; 3) an agreement was entered into and carried out with "Blue Ridge receiving the orders from defendant, plaintiff manufacturing the textiles, and Specialty Dyeing & Finishing, a North Carolina corporation with a principal place of

business in South Carolina, finishing the fabric for shipment to defendant"; and 4) plaintiff invoiced defendant for the goods, and defendant's chargeback invoices were addressed to both Blue Ridge Fabrics and plaintiff.

In answering plaintiff's Requests for Admissions, defendant admitted making telephone calls to Blue Ridge Fabrics and plaintiff in North Carolina but stated that the calls related to late deliveries or defective goods and not to purchases or other business. Defendant admitted mailing chargeback invoices to plaintiff and Blue Ridge Fabrics in North Carolina but stated that they were copies of originals given to "factors" for Blue Ridge Fabrics for deductions made by defendant outside of North Carolina. Defendant also admitted corresponding with Sharon Burchette, plaintiff's comptroller and an attorney for plaintiff but indicated that such correspondence was initiated by plaintiff and Blue Ridge Fabrics. Defendant denied purchasing textiles from other North Carolina companies.

From the order of the trial court dismissing the action, plaintiff appeals.

*Tucker, Hicks, Hodge and Cranford, by John E. Hodge, Jr.; and Mattox, Mallory & Simon, by Pamela H. Simon, for plaintiff appellant.*

*Petree, Stockton & Robinson, by G. Gray Wilson and Richard G. Gwizdz, for defendant appellee.*

ARNOLD, Judge.

The question whether the trial court has personal jurisdiction over defendant involves a twofold determination. First, do the statutes of North Carolina permit the courts of this jurisdiction to entertain this action against defendant? If so, does the exercise of this power by the North Carolina courts violate due process of law? *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977).

[1] With respect to the first prong of the determination, plaintiff argues that the trial court has jurisdiction over defendant under N.C.G.S. § 1-75.4, the North Carolina long-arm statute. N.C.G.S. § 1-75.4 sets out the grounds for personal jurisdiction and states that a court has jurisdiction under the following circumstances:

(5) Local Services, Goods or Contracts.—In any action which:

\* \* \* \*

    b. Arises out of services actually performed for the plaintiff by the defendant within this State, or services actually performed for the defendant by the plaintiff within this State if such performance within this State was authorized or ratified by the defendant.

It appears that defendant is subject to personal jurisdiction under N.C.G.S. § 1-75.4(5)(b). Plaintiff performed services for defendant within this State by manufacturing certain textiles. The record indicates that defendant was well aware that the textiles ordered from Blue Ridge Fabrics were to be manufactured by plaintiff in North Carolina.

[2]  However, even if defendant falls within the reach of the long-arm statute, the exercise of jurisdiction over defendant must comport with due process requirements. *See Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 348 S.E. 2d 782 (1986). Due process requires certain minimum contacts between the nonresident defendant and the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). In each case, there must be some act by which the defendant purposely avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws; the unilateral activity within the forum state of others who claim some relationship with a nonresident defendant will not suffice. *Hanson v. Denckla*, 357 U.S. 235 (1958); *Tom Togs, Inc.*, 318 N.C. at 361, 348 S.E. 2d at 782.

    The existence of minimum contacts is a question of fact. *Parris v. Garner Commercial Disposal, Inc.*, 40 N.C. App. 282, 253 S.E. 2d 29, *cert. denied*, 297 N.C. 455, 256 S.E. 2d 808 (1979). The factors to be considered in determining whether minimum contacts exist are (1) quantity of the contacts, (2) nature and quality of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state, and (5) convenience to the parties. *Marion v. Long*, 72 N.C. App. 585, 325 S.E. 2d 300, *cert. denied*, 313 N.C. 604, 330 S.E. 2d 612 (1985).

    In the case *sub judice*, Blue Ridge Fabrics, acting as plaintiff's sales representative, contracted with defendant in

California for the sale of textiles. The contracts in the record are between defendant and Blue Ridge Fabrics and indicate that the goods were to be shipped from South Carolina. Plaintiff manufactured the textiles in North Carolina and shipped them to South Carolina for finishing. The textiles were then shipped from South Carolina to defendant in California.

In its answers to interrogatories, plaintiff lists the following in support of its proposition that defendant had sufficient minimum contacts to allow North Carolina to exercise personal jurisdiction over defendant:

a. Contracts between Defendant and Blue Ridge Fabrics, Inc. ("Blue Ridge"), in which Defendant expressly, by signing the contract or by failing to object to its terms within 10 days, submitted to jurisdiction in North Carolina.

b. Invoices from Blue Ridge to Defendant, pursuant to which Defendant, by failing to object within 10 days, submitted to jurisdiction in North Carolina.

c. Defendant's Purchase Orders.

d. Defendant's Chargeback Invoices.

e. Letters from Defendant to Plaintiff and/or Plaintiff's agents.

f. Plaintiff's Invoices to Defendant.

g. Telephone calls from Defendant to Plaintiff and/or Plaintiff's agents, and vice versa.

Plaintiff asserts that defendant submitted to jurisdiction by entering into contracts with Blue Ridge Fabrics and failing to object to the terms of invoices from Blue Ridge Fabrics. The contracts and the invoice contained in the record include the following terms:

9. This instrument shall be construed, enforced and performed under North Carolina law.

10. Any dispute or claim arising out of this contract shall be settled by arbitration as provided under N.C. law. This agreement is subject to the Uniform Arbitration Act of North Carolina, and the parties to this agreement agree

> to the settlement by arbitration of any controversy hereafter arising between them relating to this agreement or the failure or refusal to perform the whole or any part hereof or hereafter. The parties consent that all arbitration proceedings shall be held and venue, shall be proper in Buncombe County, North Carolina. The parties agree that they shall be amendable to personal jurisdiction in Buncombe County, North Carolina. . . .

Defendant did not expressly submit to personal jurisdiction under the contracts or the invoices. The arbitration term provides that defendant is subject to personal jurisdiction in Buncombe County, North Carolina for the purpose of arbitration. Plaintiff, however, brought suit in Iredell County and chose to file a lawsuit rather than arbitrate the dispute. The arbitration term in the contracts and invoices do not provide a sufficient basis for asserting personal jurisdiction over defendant since plaintiff filed suit rather than pursuing arbitration. *See Babitt v. Frum*, 606 F. Supp. 680 (S.D.N.Y. 1985).

Plaintiff also asserts that defendant's purchase orders are grounds for asserting jurisdiction over defendant. There are no copies of any purchase orders in the record. John Fulmer's affidavit indicates that defendant never purchased goods in North Carolina. The only evidence in the record of any purchase orders is a list of numbers and dates provided by plaintiff. Likewise, defendant's chargeback invoices do not provide a basis for personal jurisdiction over defendant, especially since there is evidence that the chargeback invoices were copies given to "factors" for Blue Ridge Fabrics for deductions made outside of North Carolina. Finally, the letters and telephone calls concerning the dispute between the parties are not grounds for jurisdiction. *See Modern Globe, Inc. v. Spellman*, 45 N.C. App. 618, 263 S.E. 2d 859, *cert. denied*, 300 N.C. 373, 267 S.E. 2d 677 (1980).

Defendant had insufficient minimum contacts with North Carolina to satisfy the requirements of due process. Accordingly, the order of the trial court is

Affirmed.

Chief Judge HEDRICK and Judge COZORT concur.