DATAFLOW COMPANIES, INC., PLAINTIFF-APPELLEE v. LISA HUTTO, LISA. HUTTO D/B/A PALMETTO ALLERGY, P. A., AND PALMETTO ALLERGY & ASTHMA, P. A., DEFENDANTS-APPELLANTS

No. 9314SC322

(Filed 5 April 1994)

**Courts § 16 (NCI4th)— nonresident defendants—shipment of goods to another state—long-arm jurisdiction—minimum contacts**

The "long-arm" statute, N.C.G.S. § 1-75.4(5), provided the statutory basis for this state's exercise of personal jurisdiction over the nonresident defendants in plaintiff's action for breach of contract, recovery in *quantum meruit*, and failure to pay on an open account, and defendants had sufficient contacts with this state so that the exercise of personal jurisdiction over them did not violate due process, where defendants entered into an agreement to purchase a computer system from plaintiff; all of the computer components were shipped from plaintiff's office in Durham; plaintiff spent considerable time in its Durham office designing and engineering defendants' computer system; plaintiff sent installation specialists from Durham to service defendants' computer system and to assist defendants in the operation of the system; defendants contacted plaintiff in Durham for technical support; defendants ordered forms and computer supplies from plaintiff which were shipped from plaintiff's Durham office; and defendants sent payments for such items to plaintiff's Durham office.

**Am Jur 2d, Courts § 119; Process §§ 184, 190.**

DATAFLOW COMPANIES v. HUTTO

[114 N.C. App. 209 (1994)]

**Construction and application of state statutes or rules of court predicating in personam jurisdiction over nonresidents or foreign corporations on making or performing a contract within the state. 23 ALR3d 551.**

Appeal by defendants from order entered 19 November 1992 by Judge Robert H. Hobgood in Durham County Superior Court. Heard in the Court of Appeals 13 January 1994.

*Faison & Fletcher, by Reginald B. Gillespie, Jr., for plaintiff-appellee.*

*Nelson, Mullins, Riley & Scarborough, by Robert O. Meriwether, for defendants-appellants.*

JOHNSON, Judge.

Plaintiff, Dataflow Companies, Inc., is a North Carolina corporation, licensed to do business in the State of South Carolina, engaged in the sale and service of computer equipment and software for physicians and businesses. Defendant, Lisa Hutto, is a medical doctor in Columbia, South Carolina who conducts business in the name of Palmetto Allergy, P. A., and Palmetto Allergy and Asthma, P. A. Defendant Palmetto Allergy and Asthma, P. A. is a professional organization organized under the laws of South Carolina and with its principal place of business in Columbia, South Carolina.

In the fall of 1990, plaintiff demonstrated the features and capabilities of its computer systems to defendants. Sometime after this demonstration, the parties, namely, Mr. Dickson as plaintiff's representative, and defendant Hutto and defendant's husband, Attorney Keith Hutto, as representatives of defendants, began negotiations for the purchase of a computer system by defendants. The negotiations ended in defendants purchasing a computer system, which consisted of hardware, software, and related items. In conjunction with the purchase of the computer system, defendants subscribed to one year maintenance agreements for the hardware and software components of the computer system. These agreements were renewable at the option of defendants for up to five years.

After the installation of the computer system, in accordance with the hardware and software maintenance agreements, plaintiff's employees assisted defendants by making office visits, pro-

DATAFLOW COMPANIES v. HUTTO

[114 N.C. App. 209 (1994)]

gramming modifications, and providing telephone support via an 800 number. Even after defendants' hardware and software maintenance agreements expired, defendants called upon plaintiff to provide maintenance and support services, without renewing the maintenance agreements.

In addition to purchasing their computer system from plaintiff, defendants also purchased computer forms, supplies and customized forms from plaintiff. Between October 1990 and May 1992, defendants placed up to 28 orders for forms and computer supplies with plaintiff. All of the orders were processed in Durham, North Carolina, and many were shipped to defendants from Durham, North Carolina.

Plaintiff filed a complaint against defendants on 10 June 1992 for breach of contract, *quantum meruit*, and failure to pay on an open account, in Durham County Superior Court. Defendants filed motions to dismiss plaintiff's complaint for improper division and lack of personal jurisdiction on 18 August 1992. On 3 September 1992, plaintiff filed a motion to transfer the case to the district court division in the event that the superior court determined that plaintiff's action was filed in the improper division. The motions were heard on 2 November 1992 in Durham County Superior Court before Judge Robert H. Hobgood. On 19 November 1992, Judge Hobgood issued an order denying defendants' motions to dismiss, and declaring plaintiff's conditional motion to transfer moot.

Defendants gave written notice of appeal to this Court on 2 December 1992, pursuant to North Carolina General Statute § 1-277(b) (1983), which states in pertinent part: "Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant. . . ."

Defendants' sole assignment of error is that the trial court committed reversible error in denying defendants' motion to dismiss plaintiff's complaint for lack of personal jurisdiction. We disagree.

Case law dictates that we apply a two step process in determining whether our state courts have personal jurisdiction over nonresident defendants. "First, the transaction must fall within the language of the State's 'long-arm' statute. Second, the exercise of jurisdiction must not violate the due process clause of the fourteenth amendment to the United States Constitution." *Tom Togs,*

DATAFLOW COMPANIES v. HUTTO

[114 N.C. App. 209 (1994)]

*Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 364, 348 S.E.2d 782, 785 (1986).

I

## Long-Arm Statute

North Carolina's "long-arm" statute, North Carolina General Statutes § 1-75.4(5) (1983), establishes the jurisdictional authority of the North Carolina courts with respect to plaintiff's causes of action and provides in pertinent part:

> A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) of the Rules of Civil Procedure under any of the following circumstances:
>
> . . .
>
> (5) Local Services, Goods or Contracts. — In any action which:
>
> . . .
>
> b. Arises out of services actually performed for the plaintiff by the defendant within this State, or services actually performed for the defendant by the plaintiff within this State if such performance within this State was authorized or ratified by the defendant; or
>
> c. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this State, or to ship from this State goods, documents of title, or other things of value; or
>
> d. Relates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction; or
>
> . . . .

The provisions of North Carolina General Statutes § 1-75.4 are to be liberally construed in favor of finding personal jurisdiction, subject only to due process considerations. *Munchak Corp. v. Riko Enterprises, Inc.*, 368 F. Supp. 1366 (M.D.N.C. 1973). Accordingly, if the evidence supports a finding which comports with one of the above provisions, jurisdiction will follow under the long-arm statute.

## DATAFLOW COMPANIES v. HUTTO

[114 N.C. App. 209 (1994)]

The evidence in the instant case indicates that this case is governed by the above sections. The evidence indicates that defendants contacted plaintiff in Durham, North Carolina, for technical support, via an 800 number and that plaintiff modified software and computer programs for defendants' computer in Durham, North Carolina. Additionally, plaintiff shipped computers, forms, and computer supplies to defendants from its office in Durham, North Carolina. Since plaintiff's present actions for breach of contract, recovery in *quantum meruit* and failure to pay on an open account relate to the aforementioned goods and services provided by plaintiff, North Carolina General Statutes § 1-75.4(5) plainly provides the statutory basis for this State's exercise of personal jurisdiction over the non-resident defendants.

## II

### Due Process Requirements

The second part of the two-step inquiry, due process, prohibits our state courts from exercising jurisdiction unless defendants have had "certain minimum contacts" with the forum state such that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Tom Togs, Inc.*, 318 N.C. at 365, 348 S.E.2d at 786 (citations omitted). Although no single factor controls, factors for determining the existence of minimum contacts include, the quality and quantity of contacts, the source and connection of the cause of action with those contacts, convenience to the parties and the interest of the forum state. *Sola Basic Industries v. Electric Membership Corp.*, 70 N.C. App. 737, 321 S.E.2d 28 (1984).

In the instant case, defendants entered into an agreement to purchase a computer system from plaintiff. All the components for the computer system were shipped from plaintiff's office in Durham, North Carolina, and plaintiff spent considerable time and energy in its Durham office engineering and designing defendants' computer system. On several occasions, plaintiff even sent installation specialists from its Durham office to service defendants' computer system and to assist defendants in the operation of the computer system. Additionally, defendants ordered forms and computer supplies from plaintiff, many of which were shipped from the Durham office. In fact, defendants even forwarded the payments for these items to plaintiff's Durham office.

FLORADAY v. DON GALLOWAY HOMES

[114 N.C. App. 214 (1994)]

Based on this evidence, we conclude that defendants had sufficient minimum contacts to justify this State's exercise of personal jurisdiction over defendants without violating the due process clause. For this reason, the decision of the trial court denying defendants' motion to dismiss for lack of personal jurisdiction is affirmed.

Affirmed.

Judges EAGLES and LEWIS concur.