JIM D. CHAPMAN, Plaintiff v. JANKO, U.S.A., INC., Defendant

No. COA94-1242

(Filed 3 October 1995)

**Courts § 16 (NCI4th)— personal jurisdiction over nonresident defendant—appropriate subject matter—sufficient minimum contacts**

The trial court had personal jurisdiction over the nonresident defendant where the complaint alleged that one of defendant's representatives agreed to reimburse plaintiff for his consultation services as well as his expenses in the event that an eventual agreement was not reached regarding plaintiff's representation of defendant; plaintiff, a North Carolina resident, provided such services, but defendant refused to compensate him, and N.C.G.S. § 1-75.4(5)(a) gives North Carolina courts personal jurisdiction over any action which arises out of a promise made anywhere to plaintiff by defendant to perform services within this state or to pay for services to be performed in this state by plaintiff. Furthermore, defendant had sufficient minimum contacts with North Carolina to permit the exercise of personal jurisdiction where plaintiff, at defendant's request, met with and consulted with defendant on several occasions; supplies were shipped from plaintiff's office in North Carolina; plaintiff spent considerable time and energy in North Carolina engineering and designing a computer system; plaintiff's representatives and plaintiff went to defendant's offices in South Carolina; phone calls and orders to

CHAPMAN v. JANKO, U.S.A.

[120 N.C. App. 371 (1995)]

plaintiff from defendant in South Carolina were made; and plaintiff was listed as a USA sales representative on defendant's letterhead.

**Am Jur 2d, Courts § 75.**

Appeal by defendant from order entered 15 August 1994 at the 8 August 1994 term by Judge Marilyn R. Bissell in Mecklenburg County District Court. Heard in the Court of Appeals 21 August 1995.

*Poyner & Spruill, L.L.P., by P. Marshall Yoder, for plaintiff-appellee.*

*James, McElroy & Diehl, P.A., by Richard B. Fennell, for defendant-appellant.*

JOHNSON, Judge.

Plaintiff Jim D. Chapman, a citizen of Mecklenburg County, North Carolina filed an action against defendant Janko, U.S.A., Inc., a South Carolina corporation. The evidence reveals that the parties entered into negotiations in August of 1992 concerning the provision of consultation services by plaintiff Chapman to defendant Janko. These consultation services consisted of developing marketing programs as well as a sales network for a product known as "Cycle Buddy."

The parties had intended to enter into a service agreement for plaintiff's services and were negotiating to such an end. Defendant Janko, through its president, C.C. "Skip" Hoagland, agreed to reimburse Mr. Chapman for his consultation and efforts at the rate of $150.00 per hour, plus reimburse his expenses in the event that a final agreement was not eventually reached as to plaintiff's representation. Plaintiff alleged that defendant unreasonably delayed furnishing plaintiff with its proposed contract for his services, during which time he continued to furnish the services to defendant. Eventually, defendant ended negotiations after receiving plaintiff's first requested revisions to the contract sent to him by defendant.

During the negotiations, on behalf of defendant, plaintiff developed a master rep network, a marketing strategy, and designed certain marketing and administrative tools including a product fact sheet for use and marketing of the "Cycle Buddy." In addition, plaintiff developed a domestic price list program, a POE program, letters of credit instructions, a revision of the product brochure, and aided defendant in completing a vendor product information package for a

CHAPMAN v. JANKO, U.S.A.

[120 N.C. App. 371 (1995)]

major retailer. Plaintiff traveled to South Carolina in connection with some of these services.

Defendant admits that it did have contacts by letter and telephone with plaintiff in North Carolina involving these negotiations. Furthermore, Mr. Chapman is listed as the "U.S.A. sales rep" for defendant on its own letterhead. Plaintiff also alleged that defendant requested that plaintiff meet with its representatives on numerous occasions concerning the sales and marketing of the "Cycle Buddy." However, defendant refused to honor its obligations to this North Carolina resident for services that were provided by plaintiff out of his North Carolina office. Defendant submitted an affidavit of Jan Barry Thomas in support of its motion to dismiss which denied that plaintiff had performed any services for defendant, or that defendant had ever agreed to pay him anything. The affidavit also stated that defendant was a South Carolina corporation with its only office in South Carolina. The affidavit further showed that defendant was not domesticated in North Carolina, and had no officers, directors or employees which resided in North Carolina. Defendant alleges that its only contacts with plaintiff have been by telephone or letter, or within the State of South Carolina. These "contacts" involved negotiations only. To this allegation, plaintiff filed a facsimile document listing Jim Chapman of Chapman-Scott & Associates as defendant's sales representative. Plaintiff contends that this document indicates that defendant submitted itself to the jurisdiction of North Carolina's courts.

Defendant's sole assignment of error is that the trial court's denial of its motion to dismiss for lack of personal jurisdiction is contrary to law and unsupported by any evidence in the Record. A determination as to whether a foreign defendant may be subjected to *in personam* jurisdiction in North Carolina requires application of a two-prong test. "First, the transaction must fall within the language of the State's 'long-arm' statute. Second, the exercise of jurisdiction must not violate the due process clause of the fourteenth amendment to the United States Constitution." *Dataflow Companies v. Hutto*, 114 N.C. App. 209, 211, 441 S.E.2d 580, 581 (1994) (*quoting Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 364, 348 S.E.2d 782, 785 (1986)).

Jurisdictional authority is established in North Carolina's "long-arm" statute, North Carolina General Statutes § 1-75.4 (1983), which provides:

A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to

Rule 4(j) or Rule 4(j1) of the Rules of Civil Procedure under any of the following circumstances:

. . .

(5) Local Services, Goods or Contracts.—In any action which:

> a. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this State or to pay for services to be performed in this State by the plaintiff; or

> b. Arises out of services actually performed for the plaintiff by the defendant within this State, or services actually performed for the defendant by the plaintiff within this State if such performance within this State was authorized or ratified by the defendant; or

> c. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this State, or to ship from this State goods, documents of title, or other things of value; or

> d. Relates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction; or

. . . .

This statute should be liberally construed in favor of finding that personal jurisdiction exists. *Dataflow*, 114 N.C. App. 209, 441 S.E.2d 580. Plaintiff has the burden of establishing prima facie evidence that one of the statutory grounds applies. *Id.*

In the case *sub judice*, defendant's activities fall within North Carolina General Statutes § 1-75.4(5). The complaint alleges that one of defendant's representatives agreed to reimburse plaintiff for his consultation services as well as his expenses in the event that an eventual agreement was not reached regarding plaintiff's representation of defendant. Plaintiff, a North Carolina resident, provided such services, but defendant refused to compensate plaintiff for his services. North Carolina General Statutes § 1-75.4(5)(a) gives North Carolina courts personal jurisdiction over any action which "[a]rises out of a promise, made anywhere to the plaintiff . . . by the defendant to perform services within this State or to pay for services to be performed in this State by the plaintiff[.]" Additionally, North Carolina General Statutes § 1-75.4(5)(b) applies to "services actually per-

formed for the defendant by the plaintiff within this State if such performance . . . was authorized or ratified by the defendant[.]" Accordingly, North Carolina General Statutes § 1-75.4(5)(a) clearly provides statutory authority to this State in its exercise of personal jurisdiction over the non-resident defendant Janko. However, that is not the end of the inquiry.

The next prong in the two-step inquiry is whether the exercise of jurisdiction meets constitutional due process requirements. These due process requirements asks that "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' " exist. *Tom Togs*, 318 N.C. at 365, 348 S.E.2d at 786 (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L.Ed. 95, 102 (1945); *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L.Ed. 278, 283 (1940). A determination of minimum contacts is not made by applying a mechanical formula; instead, each individual case is decided on the particular facts in that case. *Ciba-Geigy Corp. v. Barnett*, 76 N.C. App. 605, 334 S.E.2d 91 (1985). The factors used in determining whether minimum contacts exist include: (1) quantity of the contacts, (2) nature and quality of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state, and (5) convenience to the parties. *See Sola Basic Industries v. Electric Membership Corp.*, 70 N.C. App. 737, 321 S.E.2d 28 (1984).

Defendant cites *Taurus Textiles, Inc. v. John M. Fulmer Co.*, 91 N.C. App. 553, 372 S.E.2d 735 (1988) and *Marion v. Long*, 72 N.C. App. 585, 325 S.E.2d 300, *disc. review denied*, 313 N.C. 604, 330 S.E.2d 612 (1985), in support of its position that plaintiff does not have sufficient minimum contacts to be subject to personal jurisdiction in North Carolina. *Taurus* involved a plaintiff that was a North Carolina corporation which submitted affidavits which showed that it had manufactured and shipped textiles to defendant, and that plaintiff and its agent negotiated with defendant regarding their ongoing business relationship. *Taurus*, 91 N.C. App. 553, 372 S.E.2d 735. The plaintiff in *Taurus* alleged that it had performed services for defendant in North Carolina. The contract entered into between the parties showed that defendant had agreed to be subject to personal jurisdiction in North Carolina. This Court held that defendant's motion to dismiss was properly granted. Similarly, this Court in *Marion* held that services performed in North Carolina were merely incidental and jurisdiction was not proper. *Marion*, 72 N.C. App. 585, 325 S.E.2d 300. In *Marion*, the plaintiff contracted with defendant, a

CHAPMAN v. JANKO, U.S.A.

[120 N.C. App. 371 (1995)]

Georgia resident, to repair his car. Defendant had placed an advertisement in a magazine which was distributed in North Carolina. Plaintiff also alleged that defendant came to North Carolina, finalized the contract, picked up the car, and towed it back to Georgia. This Court held that although the actions fell within the long-arm statute, that jurisdiction could not constitutionally be exercised.

In support of its position that the minimum contacts are sufficient, plaintiff cites *Dataflow*, 114 N.C. App. 209, 441 S.E.2d 580 and *Brickman v. Codella*, 83 N.C. App. 377, 350 S.E.2d 164 (1986). In *Dataflow*, the plaintiff, a North Carolina corporation, agreed to sell and service certain computer equipment and software to a South Carolina defendant. Subsequent to the installation of the computer system, plaintiff's employees made regular visits to South Carolina and provided defendants with a toll-free number to contact them. After the original installation, defendants also placed orders for forms and computer supplies to plaintiff in North Carolina. Upon defendant's failure to pay plaintiff for the services and supplies provided, plaintiff filed an action in North Carolina. This Court held that personal jurisdiction over defendants was proper. Our Court emphasized that the supplies were shipped from plaintiff's office in North Carolina and plaintiff spent considerable time and energy in North Carolina engineering and designing the computer system. Plaintiff also sent representatives to defendant's offices. In *Brickman*, this Court found jurisdiction proper where the defendant sent plaintiff a contract of purchase and signed a guaranty of certain lease payments. Because defendant had solicited the plaintiff and was seeking assistance in beginning a new business venture, this Court held that there were sufficient minimum contacts.

Evidence of the contacts in the instant case consist of the following: that the complaint alleges that plaintiff, at defendant's request, met with and consulted with defendant on several occasions; that the supplies were shipped from plaintiff's office in North Carolina; that plaintiff spent considerable time and energy in North Carolina engineering and designing the computer system; that plaintiff's representatives and plaintiff went to defendant's offices in South Carolina; that phone calls and orders to plaintiff from defendant in South Carolina were made; and that plaintiff is listed as a U.S.A. sales representative on defendant's letterhead. Thus, upon its failure to compensate plaintiff for services provided, defendant should not be surprised with being haled into a North Carolina court. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 62 L.Ed.2d 490 (1980).

Accordingly, the trial court did not err in denying defendant's motions to dismiss. *In personam* jurisdiction over this defendant is constitutional. Therefore, the order of the trial court denying defendant's motion to dismiss for lack of personal jurisdiction is affirmed.

Affirmed.

Chief Judge ARNOLD and Judge MARTIN, MARK D. concur.