CFA MEDICAL, INC., PLAINTIFF v. W. FRED BURKHALTER, DEFENDANT

No. 8921DC192

(Filed 5 September 1989)

1. **Appeal and Error § 6.2— motion to dismiss for insufficient process—denial not appealable**

   Defendant was not entitled to a review of the trial court's denial of his motion to dismiss for insufficient process since he was appealing from an interlocutory order; he failed to indicate what substantial right was affected by the order; avoidance of trial was not a substantial right entitling him to appeal; and any prejudice resulting from failure of the summons to contain the name of the county from which it was issued was alleviated when defendant received an extension for filing his answer.

2. **Process § 14.3— foreign corporation—insufficient contacts with North Carolina—exercise of personal jurisdiction in violation of due process**

   Where defendant promised to receive and convey payment to plaintiff for plaintiff's services which were rendered in North Carolina, this action for breach of contract fell within the long-arm statute's requirements for personal jurisdiction. However, exercise of *in personam* jurisdiction over the nonresident defendant was not consistent with due process where the contract was solicited by plaintiff and entered into in Tennessee; there was no provision in the contract requiring defendant to perform services within North Carolina; defendant

CFA MEDICAL, INC. v. BURKHALTER

[95 N.C. App. 391 (1989)]

performed all services under the contract outside North Carolina; for the life of the contract defendant was not in the state for any purpose; and defendant did not originate contact with any North Carolina market or industry. N.C.G.S. § 1-75.4(5)a.

APPEAL by defendant from *Biggs (Loretta C.), Judge*. Order entered 5 January 1989 in District Court, FORSYTH County. Heard in the Court of Appeals 12 July 1989.

Plaintiff is a corporation duly organized under the laws of the State of North Carolina doing business in Forsyth County, North Carolina. Defendant is and has been a resident of Chattanooga, Tennessee since 1971. The defendant has never resided in North Carolina and has not traveled to North Carolina to conduct business since 1984. Plaintiff's representatives solicited the defendant and in October 1985 both parties entered into a contract in Chattanooga, Tennessee, whereby the defendant agreed to make sales calls on potential customers and solicit orders on behalf of the plaintiff in several states other than North Carolina. Between 31 October 1985 and 6 February 1986, the defendant obtained and submitted purchase orders from the TVA in Chattanooga, Tennessee and submitted the orders to the plaintiff in Forsyth County, North Carolina. The plaintiff filled the orders and shipped the goods purchased from its office in Forsyth County directly to TVA. TVA forwarded the full amount due to the defendant at his home in Chattanooga. Pursuant to the contract the defendant was then obligated to forward the cost of the goods sold together with 50% of the profit to the plaintiff. When the defendant failed to relay cost and 50% of the profit, plaintiff sued for breach of contract. The summons did not contain the name of the county from which it was issued.

Plaintiff filed this action to recover damages on breach of contract. Defendant moved to dismiss on the grounds of (1) lack of jurisdiction over person, N.C. Rule of Civil Procedure 12(b)2, (2) insufficiency of process, Rule of Civil Procedure 12(b)4, and (3) insufficiency of service of process, Rule of Civil Procedure 12(b)5. The District Court 1) denied the motion to dismiss for lack of personal jurisdiction, citing the presence of minimum contacts, 2) denied the motion to dismiss for insufficiency of summons, and 3) granted motion to dismiss for insufficiency of service of process provided that plaintiff was granted leave to make proper service

CFA MEDICAL, INC. v. BURKHALTER

[95 N.C. App. 391 (1989)]

no later than 2 January 1989. Service was subsequently made within the time allowed.

Defendant appealed. Defendant requested this Court to issue a writ of certiorari on the judge's interlocutory order, excepted to the judge's denial to dismiss for insufficiency of summons, and excepted to the judge's denial to dismiss for lack of personal jurisdiction.

*Burge, Miller and Meadows, by John A. Meadows, for plaintiff-appellee CFA Medical, Inc.*

*Craige, Brawley, Liipfert & Ross, by William W. Walker, for defendant-appellant W. Fred Burkhalter.*

LEWIS, Judge.

I

[1]  Appellants ask this Court to issue a writ of certiorari to review the trial court's denial of defendant's motion to dismiss for insufficient process. We decline. This Court in *Fraser v. Di Santi* stated that "[a]n appeal does not lie from an interlocutory order unless the order affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment." 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *cert. denied*, 315 N.C. 183, 337 S.E.2d 856 (1985). Defendant fails to indicate what substantial right is affected by the order. Avoidance of trial is not a substantial right entitling a party to appeal. *Blackwelder v. State Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E.2d 777 (1983). The defendant bases his claim of insufficiency of process on the absence of the county's name from the face of the summons. The defendant does have a substantial right to know where he is being summoned to appear. However, in the present case any prejudice which may have resulted from this defect was alleviated by the extension defendant received for filing his answer. In this instance the addresses of both plaintiff and plaintiff's attorney are located in the county where the summons was issued. Neither does the court see how hearing an appeal of the trial judge's order will facilitate a final resolution of the issues.

II

[2]  Defendant also appeals denial of his motion for lack of personal jurisdiction. Analysis of a question of whether a nonresident de-

fendant is subject to the personal jurisdiction of our courts is a two-pronged procedure. *Miller v. Kite*, 313 N.C. 474, 329 S.E.2d 663 (1985). First, the transaction must fall within the language of the State's long-arm statute. Second, the exercise of jurisdiction must not violate the due process clause of the Fourteenth Amendment. *Id.*

The relevant clause of the long-arm statute states that a nonresident defendant is subject to jurisdiction

> in any action which . . . arises out of a promise made anywhere to the plaintiff . . . by the defendant . . . to pay for services to be performed in this State by the plaintiff.

G.S. 1-75.4(5)a. The record shows that the defendant had promised to receive and convey payment for plaintiff's services to plaintiff. The plaintiff did perform these services in North Carolina. We conclude that this case does fall within the long-arm statute's requirements for personal jurisdiction.

The second step of the inquiry is the determination of whether the court's exercise of *in personam* jurisdiction over the nonresident defendant is consistent with due process. Where the action arises out of defendant's contacts with the forum state, the issue is one of "specific" jurisdiction. *Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 366, 348 S.E.2d 782, 786 (1986). To establish specific jurisdiction, the court analyzes the relation among the defendant, cause of action, and forum state. *Id.* Although a contractual relationship between a North Carolina resident and an out-of-state party does not automatically establish the necessary minimum contacts with this state, a single contract may be sufficient basis for the exercise of *in personam* jurisdiction if it has a substantial connection with this state. *Id. Burger King Corp. v. Budzewicz*, 471 U.S. 462, 478-79, 105 S.Ct. 2174, 2185-86, 85 L.Ed.2d 528, 545 (1985). In determining whether a single contract may serve as a sufficient basis for the exercise of *in personam* jurisdiction,

> it is essential that there be some act by which defendant purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.

*Cameron-Brown Co. v. Daves*, 83 N.C. App. 281, 285, 350 S.E.2d 111, 114 (1986). For only then will the nonresident have acted in such a way such that "he can reasonably anticipate being haled into

court there." *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490, 501 (1980). Otherwise, exercise of *in personam* jurisdiction over a nonresident would violate standards of "fair-play and substantial justice." *Id.*

The issue before this Court is whether the defendant's contract with the plaintiff indicates "purposeful availment" when defendant has had no other contact with the state, when the contract was solicited by the plaintiff and entered into in Tennessee, and when defendant acts only to solicit bids on behalf of plaintiff, and relay payments. We conclude that a contract in which a nonresident defendant solicits bids for goods manufactured in North Carolina, does not in itself indicate the "purposeful availment" necessary to establish personal jurisdiction. The trial judge's order, as well as the plaintiff's brief, cite *Tom Togs, Inc. v. Ben Elias Industries Corp., supra*, which exercised *in personam* jurisdiction over an out-of-state defendant who distributed products which the plaintiff manufactured in North Carolina. The North Carolina Supreme Court there noted that a state has a "manifest interest" in providing its residents with a convenient forum for redress of injuries inflicted by out-of-state actors. 318 N.C. at 367, 348 S.E.2d at 787. We distinguish the instant case from *Tom Togs* in that the plaintiff in our case solicited the initial contact with the defendant. Plaintiff does not contest the defendant's assertion, that the plaintiff first approached the defendant in Tennessee, and that plaintiff traveled to Tennessee to make and sign the contract. Which party initiates the contact is taken to be a critical factor in assessing whether a nonresident defendant has made "purposeful availment." *Cameron-Brown Co. v. Daves*, 83 N.C. App. 281, 350 S.E.2d 111 (1986); *Brickman v. Codella*, 83 N.C. App. 377, 350 S.E.2d 164 (1986).

> [T]he touchstone in ascertaining the strength of the connection between the cause of action and defendant's contacts is whether the cause arises out of attempts by the defendant to benefit from the laws of the forum state by entering the market in the forum state.

*Phoenix American Corp. v. Brissey*, 46 N.C. App. 527, 532, 265 S.E.2d 476, 480 (quoting *Fieldcrest Mills Inc. v. Mohasco Corp.*, 442 F. Supp. 424 (M.D.N.C. 1977). Furthermore, where "purposeful availment" is not present, the criterion of "minimum contacts" cannot be minimized simply because of the State's interest in providing a forum of redress for its residents engaged in contractual rela-

CFA MEDICAL, INC. v. BURKHALTER

[95 N.C. App. 391 (1989)]

tionships with nonresidents. *Cameron-Brown v. Daves, supra,* at 287, 350 S.E.2d at 116.

In other cases cited by the trial judge or the plaintiff there existed some crucial connection between the defendant and the forum state which is here absent. In *Williams v. Institute of Computational Studies at Colorado State University,* this Court exercised personal jurisdiction in the absence of defendant's purposeful solicitation because numerous consumers in the state had utilized the defendant's computer services. 85 N.C. App. 421, 355 S.E.2d 177 (1987). We distinguish the present case from *Williams* in that the defendant in the present case is not selling goods or services to be distributed in the state, but serving as the agent for goods or services to be distributed out of state.

Instead, we follow *Modern Globe, Inc. v. Spellman,* 45 N.C. App. 618, 263 S.E.2d 859, *cert. denied,* 300 N.C. 373, 267 S.E.2d 677 (1980). Where the record is clear that the contract was entered into outside North Carolina, where there is no provision in the contract requiring the defendant to perform services within North Carolina, where the defendant has performed all services under the contract outside North Carolina, where for the life of the contract the defendant has not been in the state for any purpose and, most importantly, where the defendant has not originated contact with any North Carolina market or industry, minimum contacts cannot be found. *Id.* at 624, 263 S.E.2d at 863. The act of entering a contract with a forum resident does not provide the necessary contacts when the defendant's performance is to occur exclusively outside the forum. *Phoenix American Corp. v. Brissey, supra.* Furthermore, the mere mailing of a payment from outside the state is not sufficient to sustain *in personam* jurisdiction in the forum state. *First National Bank of Shelby v. General Funding Corp.,* 30 N.C. App. 172, 226 S.E.2d 527 (1976).

We reverse the trial judge's denial of the motion to dismiss for lack of personal jurisdiction. The motion should have been granted.

Affirmed in part and reversed in part.

Judges PHILLIPS and COZORT concur.