BANC OF AMERICA SECURITIES LLC, Plaintiff v. EVERGREEN INTERNATIONAL AVIATION, INC.; EVERGREEN INTERNATIONAL AIRLINES, INC.; EVERGREEN AGRICULTURAL ENTERPRISES, INC.; EVERGREEN AIR CENTER, INC.; EVERGREEN AIRCRAFT SALES & LEASING CO.; EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC.; EVERGREEN HELICOPTERS, INC.; QUALITY AVIATION SERVICES, INC., Defendants

No. COA04-74

(Filed 19 April 2005)

**1. Appeal and Error— appealability—interlocutory order— jurisdiction—minimum contacts**

Although the order denying defendants' motion to dismiss based on lack of personal jurisdiction is an interlocutory order, defendants' appeal of the trial court's N.C.G.S. § 1A-1, Rule 12(b)(2) decision is proper under N.C.G.S. § 1-277(b) because the appeal involves minimum contacts questions.

**2. Jurisdiction— personal—minimum contacts—motion to dismiss**

The trial court did not err in a breach of contract and quantum meruit case by denying the nonresident defendants' motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(2) based on lack of personal jurisdiction, because: (1) defendants solicited plaintiff company in North Carolina to perform services for it, plaintiff agreed to do so in North Carolina, and the contracts were substantially performed in North Carolina; (2) the trial court could properly conclude that defendants purposefully acted in a manner so as to avail themselves of the privilege of conducting activities within the State of North Carolina and thus invoked the benefits and protections of North Carolina laws; (3) although the

BANC OF AM. SECS. LLC v. EVERGREEN INT'L AVIATION, INC.

[169 N.C. App. 690 (2005)]

parties chose New York law to apply to any dispute, choice of law clauses are not determinative of personal jurisdiction even though they express the intention of the parties and are a factor in determining whether minimum contacts exist and due process was met; (4) the record does not indicate that any one state would be more convenient to all the parties and witnesses than another; (5) it cannot be said that the factors regarding this state's interest and the convenience to the parties favor one party over the other to the extent that subjecting defendants to the jurisdiction of North Carolina's courts would be unfair; (6) once the first prong of purposeful minimum contacts is satisfied, defendant bears a heavy burden in escaping the exercise of jurisdiction based on other factors; (7) the inconclusive nature of additional factors in this case do not necessarily override the trial court's presumed finding that defendants had sufficient minimum contacts with North Carolina; and (8) since each defendant was a party to at least one of the three contracts, the North Carolina judicial system's exercise of specific personal jurisdiction is appropriate over each defendant.

Appeal by defendants from order entered 18 November 2003 by Judge Yvonne M. Evans in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 September 2004.

*Helms, Mulliss & Wicker, P.L.L.C., by Peter J. Covington and Robert A. Muckenfuss, for plaintiff-appellee.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by James T. Williams, Jr., Jennifer K. Van Zant, and John S. Buford, for defendants-appellants.*

GEER, Judge.

The sole issue to be decided on appeal is whether the trial court erred in denying defendants' motion to dismiss under N.C.R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Because we have concluded that competent evidence supports the trial court's determination that defendants have sufficient minimum contacts with North Carolina to meet the requirements of due process, we affirm.

Plaintiff Banc of America Securities LLC ("BAS") is incorporated in Delaware, but has its principal place of business in Charlotte, North Carolina. Over the course of 2002, BAS entered into a series of

contracts to provide assistance with the restructuring of debt for defendant Evergreen International Aviation, Inc. ("Evergreen") and its subsidiaries, defendants Evergreen International Airlines, Inc. ("EIA"), Evergreen Agricultural Enterprises, Inc. ("EAE"), Evergreen Air Center, Inc. ("EAC"), Evergreen Aircraft Sales & Leasing Co. ("EASL"), Evergreen Aviation Ground Logistics Enterprise, Inc. ("EAGLE"), and Evergreen Helicopters, Inc. ("Helicopters"). A seventh subsidiary, defendant Quality Aviation Services, Inc. ("Quality"), has merged into Helicopters and no longer exists independently. Evergreen, EIA, EAE, and Helicopters are all Oregon corporations headquartered in Oregon. EAC, while incorporated in Oregon, has its principal place of business in Arizona. EASL and EAGLE are incorporated in Nevada and Delaware, respectively, with their principal places of business in Oregon.

BAS sued defendants in Mecklenburg County Superior Court for breach of contract and quantum meruit. Defendants collectively moved to dismiss the action under Rule 12(b)(2) of the Rules of Civil Procedure for lack of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim for relief. Alternatively, defendants moved pursuant to N.C. Gen. Stat. § 1-75.12(a) (2003) for a stay of further proceedings based on *forum non conveniens* and, in accordance with the statute, stipulated to suit in Oregon, New York, or Washington, D.C. In support of this motion, defendants submitted the affidavit of Timothy G. Wahlberg, President of Evergreen. BAS responded by filing the affidavit of Kurt C. Brechnitz, Vice President of BAS' Restructuring Advisory Group. Mr. Wahlberg subsequently submitted a second affidavit addressing assertions made by Mr. Brechnitz. On 18 November 2003, Judge Yvonne M. Evans entered an order denying defendants' motion.

**[1]** Defendants appealed the denial of their motion to dismiss for lack of personal jurisdiction. Although the order denying the motion to dismiss is an interlocutory order, defendants' interlocutory appeal of the trial court's Rule 12(b)(2) decision is proper under N.C. Gen. Stat. § 1-277(b) (2003). *See Love v. Moore*, 305 N.C. 575, 581, 291 S.E.2d 141, 146 (1982) ("[T]he right of immediate appeal of an adverse ruling as to jurisdiction over the person, under [N.C. Gen. Stat. § 1-277(b)], is limited to rulings on 'minimum contacts' questions, the subject matter of Rule 12(b)(2).").[1]

---

1. Defendants also filed a petition for writ of certiorari seeking review of the trial court's denial of their motion under N.C. Gen. Stat. § 1-75.12. This Court denied that petition on 6 February 2004.

## Discussion

[2] A two-step analysis applies in determining whether a North Carolina court has personal jurisdiction over a nonresident defendant: "First, the transaction must fall within the language of the State's 'long-arm' statute. Second, the exercise of jurisdiction must not violate the due process clause of the fourteenth amendment to the United States Constitution." *Tom Togs, Inc. v. Ben Elias Indus. Corp.*, 318 N.C. 361, 364, 348 S.E.2d 782, 785 (1986). Since defendants do not dispute the applicability of the long-arm statute, the sole issue before this Court is whether the trial court properly concluded that the exercise of jurisdiction over defendants did not violate due process.

### A. *Standard of Review*

The standard of review to be applied by a trial court in deciding a motion under Rule 12(b)(2) depends upon the procedural context confronting the court. Typically, the parties will present personal jurisdiction issues in one of three procedural postures: (1) the defendant makes a motion to dismiss without submitting any opposing evidence; (2) the defendant supports its motion to dismiss with affidavits, but the plaintiff does not file any opposing evidence; or (3) both the defendant and the plaintiff submit affidavits addressing the personal jurisdiction issues.

In the first category of motions, when neither party submits evidence, "[t]he allegations of the complaint must disclose jurisdiction although the particulars of jurisdiction need not be alleged." *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615, 532 S.E.2d 215, 217, *appeal dismissed and disc. review denied*, 353 N.C. 261, 546 S.E.2d 90 (2000). The trial judge must decide whether the complaint contains allegations that, if taken as true, set forth a sufficient basis for the court's exercise of personal jurisdiction. *Inspirational Network, Inc. v. Combs*, 131 N.C. App. 231, 235, 506 S.E.2d 754, 758 (1998).

On the other hand, if the defendant supplements his motion to dismiss with an affidavit or other supporting evidence, the "allegations [in the complaint] can no longer be taken as true or controlling and plaintiff[] cannot rest on the allegations of the complaint." *Bruggeman*, 138 N.C. App. at 615-16, 532 S.E.2d at 218. In order to determine whether there is evidence to support an exercise of personal jurisdiction, the court then considers (1) any allegations in the

complaint that are not controverted by the defendant's affidavit and (2) all facts in the affidavit (which are uncontroverted because of the plaintiff's failure to offer evidence). *Id.* at 616, 532 S.E.2d at 218 ("[I]n evaluating the appeal before us, we look to the uncontroverted allegations in the complaint and the uncontroverted facts in the sworn affidavit for evidence supporting the presumed findings of the trial court."). *See also Wyatt v. Walt Disney World Co.*, 151 N.C. App. 158, 168-69, 565 S.E.2d 705, 711-12 (2002) (upholding the trial court's order granting a motion to dismiss under Rule 12(b)(2) based on uncontroverted statements in the defendant's affidavits).

In the third category of cases, the parties—as here—submit dueling affidavits. Under those circumstances, "the court may hear the matter on affidavits presented by the respective parties, . . . [or] the court may direct that the matter be heard wholly or partly on oral testimony or depositions." N.C.R. Civ. P. 43(e); *see also Bruggeman*, 138 N.C. App. at 615, 532 S.E.2d at 217 ("If the exercise of personal jurisdiction is challenged by a defendant, a trial court may hold an evidentiary hearing including oral testimony or depositions or may decide the matter based upon affidavits."). If the trial court chooses to decide the motion based on affidavits, "[t]he trial judge must determine the weight and sufficiency of the evidence [presented in the affidavits] much as a juror." *Fungaroli v. Fungaroli*, 51 N.C. App. 363, 367, 276 S.E.2d 521, 524, *disc. review denied*, 303 N.C. 314, 281 S.E.2d 651 (1981).

When this Court reviews a decision as to personal jurisdiction, it considers only "whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." *Replacements, Ltd. v. MidweSterling*, 133 N.C. App. 139, 140-41, 515 S.E.2d 46, 48 (1999). Under Rule 52(a)(2) of the Rules of Civil Procedure, however, the trial court is not required to make specific findings of fact unless requested by a party. *Fungaroli*, 51 N.C. App. at 367, 276 S.E.2d at 524. When the record contains no findings of fact, " '[i]t is presumed . . . that the court on proper evidence found facts to support its judgment.' " *Id.* (quoting *Sherwood v. Sherwood*, 29 N.C. App. 112, 113-14, 223 S.E.2d 509, 510-11 (1976)).

In *Fungaroli*, this Court upheld the trial court's denial of defendant's motion to dismiss, after noting:

Although the trial court in the instant case did not actually make findings of fact in support of its order, we will presume that the

> trial court did find facts to support its decision and order. Therefore, we must assume that the trial court after reviewing the pleadings and affidavits of both parties decided to take as true plaintiff's contentions.

*Id.* Likewise, in *Cameron-Brown Co. v. Daves*, 83 N.C. App. 281, 285, 350 S.E.2d 111, 114 (1986), the trial court made no findings of fact in ruling on defendant's motion to dismiss for lack of personal jurisdiction. After repeating the principle that the lack of findings gives rise to a presumption that "the judge, upon proper evidence, found facts sufficient to support his ruling," this Court wrote, "[i]n the case *sub judice*, the parties presented affidavits which materially conflicted. The trial judge apparently believed the evidence of [defendant] and presumably found the facts to be as set forth and supported by his affidavit." *Id.* The Court then treated all the facts alleged in the defendant's affidavit as true in determining that it was improper for a North Carolina court to exercise jurisdiction over the defendant. *Id.*

In this case, as in *Fungaroli* and *Cameron-Brown*, the record contains no indication that the parties requested that the trial judge make specific findings of fact. We must, therefore, presume that the trial judge made factual findings sufficient to support her ruling in favor of plaintiff. It is this Court's task to review the record to determine whether it contains any evidence that would support the trial judge's conclusion that the North Carolina courts may exercise jurisdiction over defendants without violating defendants' due process rights. We are not free to revisit questions of credibility or weight that have already been decided by the trial court.

B. *Due Process Analysis*

To satisfy the requirements of the due process clause, there must exist "certain minimum contacts [between the non-resident defendant and the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158 (1945) (internal quotation marks omitted). As our Supreme Court has stated, "[i]n each case, there must be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws; the unilateral activity within the forum state of others who claim some relationship with a non-resident defendant will not suffice." *Tom Togs*, 318 N.C. at 365, 348 S.E.2d at 786. Instead, the "relationship between the defendant and

the forum must be 'such that he should reasonably anticipate being haled into court there.' " *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 501, 100 S. Ct. 559, 567 (1980)).

The United States Supreme Court has recognized two bases for finding sufficient minimum contacts: (1) specific jurisdiction and (2) general jurisdiction. Specific jurisdiction exists when "the controversy arises out of the defendant's contacts with the forum state." *Id.* at 366, 348 S.E.2d at 786. General jurisdiction may be asserted over a defendant "even if the cause of action is unrelated to defendant's activities in the forum as long as there are sufficient 'continuous and systematic' contacts between defendant and the forum state." *Replacements*, 133 N.C. App. at 145, 515 S.E.2d at 51 (quoting *Fraser v. Littlejohn*, 96 N.C. App. 377, 383, 386 S.E.2d 230, 234 (1989)). Because our review of the record indicates that the trial judge's order is supported by evidence of specific jurisdiction, we do not address plaintiff's arguments regarding general jurisdiction.

For specific jurisdiction, "the relationship among the defendant, the forum-state, and the cause of action is the essential foundation for the exercise of *in personam* jurisdiction." *Tom Togs*, 318 N.C. at 366, 348 S.E.2d at 786. Our courts look at the following factors in determining whether minimum contacts exist: (1) the quantity of the contacts, (2) the nature and quality of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state, and (5) the convenience to the parties. *Replacements*, 133 N.C. App. at 143, 515 S.E.2d at 49. "A contract alone may establish the necessary minimum contacts where it is shown that the contract was voluntarily entered into and has a 'substantial connection' with this State." *Williamson Produce, Inc. v. Satcher*, 122 N.C. App. 589, 594, 471 S.E.2d 96, 99 (1996) (quoting *Tom Togs*, 318 N.C. at 367, 348 S.E.2d at 786).

Specifically, in *Tom Togs*, our Supreme Court held that "[a]lthough a contractual relationship between a North Carolina resident and an out-of-state party alone does not *automatically* establish the necessary minimum contacts with this State, nevertheless, a single contract may be a sufficient basis for the exercise of *in personam* jurisdiction if it has a substantial connection with this State." *Tom Togs*, 318 N.C. at 367, 348 S.E.2d at 786. The Court concluded that there was sufficient evidence of a substantial connection with this State when (1) "the defendant made an offer to plaintiff whom

defendant knew to be located in North Carolina," (2) "[p]lain-tiff accepted the offer in North Carolina," and (3) "[d]efendant was . . . aware that the contract was going to be substantially performed in this State." *Id.* at 367, 348 S.E.2d at 786-87. Based on this evidence, the Court ruled that the "defendant purposefully availed itself of the protection and benefits of [North Carolina's] laws." *Id.*, 348 S.E.2d at 787.

In this case, plaintiff offered evidence that would have allowed the trial judge to find the following facts pertinent to specific jurisdiction. According to Mr. Brechnitz' affidavit, defendants—through their CEO—initiated contact with BAS' Restructuring Advisory Group ("the Group"), which has a single office located in Charlotte, North Carolina. The affidavits submitted by defendants did not dispute this assertion by Mr. Brechnitz. Subsequently, defendants forwarded various corporate documents to the Group's office in North Carolina for review prior to the Group's agreeing to accept the engagement. As a result of the initial contact and the subsequent document review, BAS and defendants entered into three contracts (in April, July, and October) that were set forth in letter agreements sent from and signed by the Group in North Carolina.[2]

Defendants offered evidence in the form of Mr. Wahlberg's affidavit that "it was represented to Evergreen that all of the work in connection with that contract would be performed by BAS personnel working out of Evergreen's headquarters in McMinnville, Oregon or out of New York City . . . ." Nevertheless, Mr. Brechnitz' affidavit stated:

> To the best of my knowledge, no such representation was ever made by BAS' representatives to Defendants. More importantly, any such representation would not make sense because the Group was located in Charlotte, North Carolina, and Defendants hired Charlotte law firms to assist in the debt restructuring efforts. In fact, all of the significant work performed by BAS for Defendants was performed in Charlotte, North Carolina with Defendants' knowledge. I routinely discussed the progress of our work with Defendants' representatives by telephone or e-mail from my office in Charlotte, North Carolina. To the best of my knowledge, Defendants never complained or objected that the work was being substantially performed in North Carolina.

---

2. While only EIA and Evergreen were signatories to two of the contracts, all of defendants entered into the third contract.

By describing the various tasks actually performed in North Carolina, Mr. Brechnitz' affidavit also provided evidence that the Group performed the work required under the July and October contracts primarily in North Carolina.[3]

We believe that this evidence parallels the evidence found sufficient in *Tom Togs*. BAS' evidence indicates that defendants solicited the Group in North Carolina to perform services for it, BAS agreed to do so in North Carolina, and the contracts were substantially performed in North Carolina. As this Court has previously held: "Which party initiates the contact is taken to be a critical factor in assessing whether a nonresident defendant has made 'purposeful availment' [of the privilege of conducting activities within the forum State]." *CFA Med., Inc. v. Burkhalter*, 95 N.C. App. 391, 395, 383 S.E.2d 214, 216 (1989). *See also Inspirational Network*, 131 N.C. App. at 241, 506 S.E.2d at 761 (by "initiat[ing] and voluntarily enter[ing] into a contractual arrangement with [plaintiff], a North Carolina based corporation," defendant purposefully availed itself of the privileges of conducting business in North Carolina).

Defendants argue that their evidence establishes that they did not solicit the Group, the contracts were not negotiated or entered into in North Carolina, and it did not expect for the contract work to be performed in North Carolina.[4] Because we are required to presume that the trial judge made findings of fact supportive of its order, we must presume that the judge found plaintiff's evidence more credible and gave it greater weight. Under the applicable standard of review, we are not free on appeal to reach a different resolution of the conflicting evidence.

Since plaintiff's evidence in this case directly parallels the evidence found sufficient in *Tom Togs*, it necessarily meets the requirement that the contract at issue have a "substantial connection with this State." *Tom Togs*, 318 N.C. at 367, 348 S.E.2d at 786. Accordingly,

---

3. The April agreement provided that BAS would be the exclusive initial purchaser in connection with a proposed private offering of senior debt securities of Evergreen. Plaintiff's evidence does not address the location of the performance of this agreement.

4. Mr. Wahlberg's affidavit contains a number of assertions regarding the contract that are made "upon information and belief." Since an affidavit, in this context, must be based upon personal knowledge, we have not considered those assertions. *Hankins v. Somers*, 39 N.C. App. 617, 620, 251 S.E.2d 640, 642 (holding that, in deciding a Rule 12(b)(2) motion, a trial court should not consider assertions in an affidavit made "upon information and belief"), *disc. review denied*, 297 N.C. 300, 254 S.E.2d 920 (1979).

the trial court could properly conclude that defendants "purposefully acted in a manner so as to avail [themselves] of the 'privilege of conducting activities' within the State of North Carolina and thus invoked 'the benefits and protections of [the North Carolina] laws.' " *Liberty Fin. Co. v. North Augusta Computer Store, Inc.*, 100 N.C. App. 279, 285, 395 S.E.2d 709, 712 (1990) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1240 (1958)) (holding that when the defendant entered its order for computer products with a North Carolina company, it invoked the benefits and protections of North Carolina laws). *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, 85 L. Ed. 2d 528, 541, 105 S. Ct. 2174, 2183 (1985) ("[W]ith respect to interstate contractual obligations, we have emphasized that parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities." (internal quotation marks omitted)); *Climatological Consulting Corp. v. Trattner*, 105 N.C. App. 669, 674, 414 S.E.2d 382, 384-85 (holding that the evidence was sufficient to establish a substantial connection with this State when the defendant initially contacted plaintiff to engage its services, knowing that the majority of plaintiff's services would be performed in North Carolina, and when 80% of the services were in fact performed in this State), *disc. review denied*, 332 N.C. 343, 421 S.E.2d 145 (1992).

Even when the trial court concludes that a defendant has "purposefully established minimum contacts within the forum State," the court must also consider those contacts "in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.' " *Burger King*, 471 U.S. at 476, 85 L. Ed. 2d at 543, 105 S. Ct. at 2184 (quoting *Int'l Shoe*, 326 U.S. at 320, 90 L. Ed. at 104, 66 S. Ct. at 160). In making this determination, the North Carolina appellate courts have considered (1) the interest of North Carolina and (2) the convenience of the forum to the parties. *Replacements*, 133 N.C. App. at 143, 515 S.E.2d at 49. *See also Burger King*, 471 U.S. at 477, 85 L. Ed. 2d at 543, 105 S. Ct. at 2185 (noting that courts should consider " 'the forum State's interest in adjudicating the dispute' " and " 'the plaintiff's interest in obtaining convenient and effective relief' " (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 62 L. Ed. 2d 490, 498, 100 S. Ct. 559, 564 (1980))).

With respect to North Carolina's interest, *Tom Togs* establishes this State's interest in providing a forum for resolution of conflicts arising in North Carolina. *Tom Togs*, 318 N.C. at 367, 348 S.E.2d at 787.

In contrast to *Tom Togs*, 318 N.C. at 367-68, 348 S.E.2d at 787, however, the parties in this case provided that New York law rather than North Carolina law would apply to any dispute. This Court has held that "[w]hile choice of law clauses are not determinative of personal jurisdiction, they express the intention of the parties and are a factor in determining whether minimum contacts exist and due process was met." *Tejal Vyas, LLC v. Carriage Park, Ltd. P'ship*, 166 N.C. App. 34, 41, 600 S.E.2d 881, 887 (2004), *aff'd per curiam*, 359 N.C. 315, 608 S.E.2d 751 (2005). This factor does not, therefore, favor one party over the other.

With respect to the convenience to the parties, the evidence is also conflicting. Of course, engaging in litigation in North Carolina would not be convenient for defendants' employees located in Oregon, but, by the same token, litigation in another state would not be convenient for plaintiff's witnesses. Mr. Wahlberg's affidavit suggests that non-party individuals located in New York, California, Illinois, Connecticut, and the District of Columbia "would possess information relevant to this litigation," including documents. Mr. Brechnitz' affidavit, however, states that many of these individuals would not be necessary or critical witnesses in this case. We must presume that the trial court accepted Mr. Brechnitz' assertions. Regardless, it is apparent that this factor is inconclusive. The record does not indicate that any one State would be more convenient to all of the parties and witnesses than another. *See Climatological Consulting Corp.*, 105 N.C. App. at 675, 414 S.E.2d at 385 (holding that although three material witnesses were located in Washington, D.C., "this fact is counterbalanced by the fact that plaintiff's materials and offices are located here[;] North Carolina is a convenient forum to determine the rights of the parties").

With respect to the fairness of this State exercising jurisdiction, defendants argue that they have never set foot in North Carolina. Our courts have observed, however, that "[i]t is well settled . . . 'that a defendant need not physically enter North Carolina in order for personal jurisdiction to arise.'" *Williamson Produce*, 122 N.C. App. at 594, 471 S.E.2d at 99 (quoting *Better Business Forms, Inc. v. Davis*, 120 N.C. App. 498, 501, 462 S.E.2d 832, 834 (1995)). *See also Tom Togs*, 318 N.C. at 368, 348 S.E.2d at 787 ("Lack of action by defendant *in* a jurisdiction is not now fatal to the exercise of long-arm jurisdiction."). On the other hand, "defendant[s] [have not] pointed to any disparity between plaintiff and [themselves] which might render the exercise of personal jurisdiction over [them] unfair." *Id.*

**IN RE A.D.L., J.S.L., C.L.L.**

[169 N.C. App. 701 (2005)]

In sum, we cannot say that the factors regarding the State's interest and the convenience to the parties favor one party over the other to the extent that subjecting defendants to the jurisdiction of North Carolina's courts would be unfair. We also observe that the United States Supreme Court has stressed that once the first prong of purposeful minimum contacts is satisfied, the defendant will bear a heavy burden in escaping the exercise of jurisdiction based on other factors. *Burger King*, 471 U.S. at 476-78, 85 L. Ed. 2d at 543-44, 105 S. Ct. at 2184-85. We do not believe that the inconclusive nature of these additional factors necessarily overrides the trial judge's presumed finding that defendants had sufficient minimum contacts with North Carolina.

Since each defendant was a party to at least one of the three contracts, the North Carolina judicial system's exercise of specific personal jurisdiction is appropriate over each defendant. For these reasons, we affirm the trial court's denial of defendants' 12(b)(2) motion to dismiss.

Affirmed.

Judges CALABRIA and STEELMAN concur.